# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

AMANDA ELLSWORTH; and )
AMANDA ELLSWORTH, as Natural )
mother on behalf of B.W., a minor child )
                                                                            )
        Plaintiffs, )
                                                                   )
v. ) Case No. 19-CV-34-TCK-FHM
                                                                   )
CITY OF BROKEN ARROW, )
OKLAHOMA, a municipal corporation; )
MARQUE BALDWIN, individually; and )
CITY OF BROKEN ARROW POLICE )
OFFICERS 1-10, )
                                                                   )
        Defendants. )
                                                                   )

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion to File Second Amended Complaint ("Motion to Amend") (Doc. 31). Plaintiffs have already amended once as of right, in response to Defendant City of Broken Arrow's Motion to Dismiss (Docs. 10 and 11). Plaintiffs also filed a previous Motion to Amend (Doc. 20), which the Court denied without prejudice because it could not determine whether leave to amend would be futile. In the present Motion to Amend, Plaintiffs seek to add as Defendants the City of Tulsa and individual City of Tulsa police officers, as well as to substitute Officer Josh Zoller, Sergeant Bryan Bandy, and Officer Rodney Garner ("new Broken Arrow Defendants") for "City of Broken Arrow Police Officers 1-3." Defendants City of Broken Arrow and Marque Baldwin ("Defendants") argue that the Motion to Amend should be denied as to the new Broken Arrow Defendants, as the motion is futile and fails to comply with the Court's April 22, 2019 Order. (Doc. 26.) Defendants also argue that, as to the City of Tulsa and individual City of Tulsa police officers, the Motion to Amend should only be considered after the Court has

1

ruled on Defendants' pending Motions to Dismiss, as any other course of conduct would prejudice Defendants. (Doc. 33.) For the reasons below, Plaintiffs' motion is **GRANTED**.

I. **Standard for Leave to Amend**

Courts should "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). The Court has wide discretion in deciding whether to grant leave to amend. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). "Refusing leave to amend is generally only 'justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Additionally, a party may amend its pleading once as a matter of course, either twenty-one days after service, or twenty-one days after service of a responsive pleading. FED. R. CIV. P. 15(a)(1)(B). Amendment as a matter of course after a responsive pleading is meant to streamline and expedite consideration of the issues raised in the motion, as the responsive pleading may raise issues that the original pleader had not considered. FED. R. CIV. P. 15 Comm. Notes on Federal Rules of Civil Procedure ("Rules")—2009 Amendment.

II. **Adding as Defendants the City of Tulsa and individual City of Tulsa police officers will not cause Defendants undue prejudice**

Courts typically find prejudice when the proposed amendment will unfairly affect the opposing party "in terms of preparing their defense to the amendment." *Id.*, at 1208. This most often occurs when the amended claims arise out of a different subject matter than that which was set forth in the original complaint and raises significant new factual issues. *Id.* Prejudice is the most important factor in deciding a motion to amend the pleadings. *Minter*, 451 F.3d at 1207.

In this case, Plaintiffs appear to argue that they seek only to name additional Defendants in the same claims they have already pled against Defendants, and that they do not seek to alter

factual allegations or claims against existing Defendants. These limited amendments indicate that there will be significant overlap between the First Amended Complaint ("FAC") (Doc. 11) and the Second Amended Complaint ("SAC"), limiting potential prejudice from the SAC. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (finding no prejudice where there was significant overlap in the factual underpinnings and defenses of the two complaints). Moreover, because Plaintiffs would file the SAC well before the close of discovery, and before the Court has ruled on any substantive motions, Defendants will not be prejudiced in their ability to conduct any necessary discovery on any new factual allegations made against the City of Tulsa or individual Tulsa Police officers.

Defendants argue that Plaintiffs have "abuse[d] the amendment process" to "manipulate this case's briefing cycle," such that allowing Plaintiffs to file an SAC prior to ruling on Defendants' pending motions to dismiss will unduly prejudice Defendants, as Defendants have fully briefed at least one, and in the case of Defendant City of Broken Arrow, two, motions to dismiss already. However, amendment in response to a motion to dismiss, as in the case of the FAC, is not "abuse of the amendment process," but rather contemplated by the Rules. *See supra*, I; FED. R. CIV. P. 15 Comm. Notes on Rules—2009 Amendment; *Minter*, 451 F.3d at 1208; *Velocity Bank*, 570 F. App'x at 788. Further, while Defendants may be required to engage in additional research in response to the SAC or to draft an additional motion to dismiss, this additional work does not, by itself, constitute prejudice. Moreover, as noted *supra*, Plaintiffs have alleged significant overlap between the FAC and SAC, suggesting that the additional research and drafting necessary to respond to the SAC will be minimal. Accordingly, the SAC would not unduly prejudice Defendants.

Finally, in the interest of judicial economy, the Court declines to consider Defendants' motions to dismiss before, or in conjunction with, Plaintiffs' Motion to Amend, as newly added

Defendants may also file motions to dismiss and the Court finds it appropriate to consider all motions to dismiss together.

## III. Adding as Defendants new Broken Arrow Defendants

### A. Plaintiffs' Motion is not appropriately construed as a Motion to Substitute

Defendants argue that, because Plaintiffs request to "substitute" parties, their request should be construed as being made pursuant to Rule 25, which does not authorize relief in this case. However, while Plaintiffs have styled their request for relief as a request to "substitute 'City of Broken Arrow Police Officers 1-3' for Officer Josh Zoller, Sergeant Bryan Bandy and Officer Rodney Garner," their motion is appropriately construed as a Motion to Amend. The motion is titled "Plaintiffs' Motion to File Second Amended Complaint," and also requests to add as Defendants the City of Tulsa and individual City of Tulsa police officers, relief appropriately raised in a Motion to Amend. Moreover, the actual relief requested as to the new Broken Arrow Defendants is appropriately raised in a Motion to Amend. *See Bell v. City of Topeka*, 279 F. App'x 689, 692 (10th Cir. 2008) citing *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) ("Substituting a named defendant for an original, unknown 'John Doe' defendant amounts to adding a new party," and is appropriately raised in a Motion to Amend). Accordingly, the Court must still determine whether it is appropriate for Plaintiffs to amend their Complaint.

### B. Substituting new Broken Arrow Defendants would not be futile

A proposed amendment is futile if the pleading, as amended, would be subject to dismissal for any reason. *See Watson ex. rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001) (internal citations omitted). However, when a court denies a motion to amend based on futility, that court has frequently already ruled on a dispositive motion, either in a separate order or in conjunction with the motion to amend. *See, e.g.*, *Bradshaw v. Lappin*, 484 F. App'x 217, 221 (10th Cir. 2012) (motion to amend denied where it reasserted claims that had been dismissed and

4

so was futile); *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 850 (10th Cir. 1999) (granting motion to dismiss and denying motion to amend because both the original and amended complaint were based on an article protected by the first amendment); *Bauchman v. West High Sch.*, 132 F.3d 541, 559 (10th Cir. 1997) (motion to amend denied where claims with no material differences had already been dismissed); *Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383, 1389 (10th Cir. 1980) (granting a motion to dismiss and denying in part a motion to amend where "both complaints were equally devoid of any factual allegations which would support the claims of these plaintiffs against these particular defendants.").

In this case, Defendants also argue that Plaintiffs' Motion to Amend should be denied as futile as to the new Broken Arrow Defendants, because the FAC alleges conduct committed by Broken Arrow Police Department "officers" and "defendants," rather than alleging the specific conduct of individual officers, and therefore does not meet the *Twombly* pleading standard. However, the Court has yet to rule on any dispositive motions and Defendants' arguments regarding the sufficiency of the SAC are more appropriately raised in a full Motion to Dismiss, in response to the filed SAC. The Court cannot determine based exclusively on the limited argument in Defendants' Surreply, whether the SAC would be subject to dismissal. Based only on Plaintiffs' description of their proposed SAC, the SAC is not so obviously deficient that the Court can find that it would be subject to dismissal without the aid of the Parties' briefing on this subject. Accordingly, substituting the new Broken Arrow Defendants is not futile.

C. **Failure to Comply with the Court's April 22, 2019 Order**

Defendants further contend that Plaintiffs' Motion to Amend (Doc. 31) should be denied as to the new Broken Arrow Defendants because Plaintiffs did not comply with the Court's April 22, 2019 Order. In that order, the Court instructed that any future Motions to Amend "present the

5

Court with greater detail as to why justice requires their filing an SAC, including which claims they intend to allege against which new Defendants." (Doc. 26.) While the Court agrees that Plaintiffs did not clearly request to add the new Broken Arrow Defendants in their Motion to Amend, in keeping with the Court's Rule 15 obligation to grant leave to amend freely when justice so requires, the Court will allow such amendment, as Defendants have not shown harm from Plaintiffs' failure. Rather, the FAC makes clear which claims were asserted against "City of Broken Arrow Police Officers 1-10," and will therefore be asserted against the new Broken Arrow Defendants, and Plaintiffs' Reply makes it clear that Plaintiffs allege that the new Broken Arrow Defendants were present at the scene of Plaintiffs' arrest. Additionally, Defendants have had the opportunity to respond to new arguments raised in Plaintiffs' Reply by filing their Surreply. Accordingly, despite Plaintiffs' failure to comply with the Court's April 22, 2019 Order, in the interest of judicial economy, the Court will not deny an otherwise appropriate Motion to Amend.

**IV.**     **Conclusion**

For the reasons set forth above, the Court finds that Plaintiffs' Motion to Amend (Doc. 31) is **GRANTED**. Defendants' Motions to Dismiss (Docs. 10, 16 and 23) are **DENIED AS MOOT**. Plaintiffs may file an SAC to name the City of Tulsa and individual Tulsa police officers in claims they have already pled within thirty (30) days of this order being entered.

**DATED THIS 21st day of June, 2019.**

*[Signature: Terence C Kern]*

**TERENCE C. KERN**
**United States District Judge**